**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**
Case no: 17-civ.-23009-RNS

MIGUEL ANTONIO JARQUIN BELLO,
Situated under 29 U.S.C. 216(b),
    Plaintiff,
Vs.
J & M PREMIER SERVICES, LLC, et. al
    Defendant.
_____/

### MANUEL LABRA'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, MANUEL LABRA ("Mr. Labra") and hereby answer the amended complaint while asserting the following affirmative defenses:

### Answer:

1. Without sufficient information to affirm or deny the method by which Plaintiff brings the suit or the motivation. The complaint speaks for itself.

2. Without sufficient information to affirm or deny.

3. Admitted that J and M did business in Miami Dade County for all relevant times herein. Denied that J and M was a FLSA employer.

4. Admitted that Manuel Labra is a corporate officer and owner but denied that he is a "manager of Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 USC 203(d)."

5. Without sufficient information to affirm or deny this allegation.

6. Admitted that the action arises under the laws of the United States to the extent they apply.  Without sufficient information to affirm or deny the remainder of the allegation, including Plaintiff's beliefs.  Denied that Defendants "employed several

other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years".

7. Denied.

8. To the extent it is a correct statement of the law, admitted.

9. Denied that Plaintiff worked for Defendants from January 7, 2017 through present. But admitted he worked as a carpenter.

10. Denied.

11. Denied.

12. Admitted.

13. Admitted.

14. Denied.

15. Denied.

## Affirmative Defenses:

1. Plaintiff was not engaged in commerce or the production of goods for commerce as per 29 USCA section 206(a) and 207 (a).  Further, Defendant was not an "enterprise" engaged in commerce or in the production of goods for commerce.  <u>29 U.S.C. Section 203(s).</u>

2. Defendant was not an "employer" within the meaning of the criterion of Economic Realities.

3. There was no willful violation of any provision of the Fair Labor Standards Act.

4. Plaintiff did not work the hours he has represented in this lawsuit, nor anywhere near the hours represented.

5. Plaintiff was not protected by FLSA. He was an independent contractor.

6. Two year statute of limitations. There is a two year statute of limitations for FLSA claims to "enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages", except that "a cause of action arising out of willful violation may be commenced within three years after the cause of action accrued." 29 USCA section 255 (a). Hence, no recovery can be had for any alleged compensation which is due for a period of time greater than two years from the date of filing this lawsuit.

7. Plaintiff has failed to satisfy all conditions precedent necessary to bring this action.

8. All actions taken by Defendant with regard to Plaintiff were taken in good faith and for good cause, and without discriminatory motive or intent, or malice or reckless disregard of Plaintiff's rights.

Wherefore, Defendant, Manuel Labra, respectfully requests judgment in their favor and an award of costs and attorney's fees.

### *Trial by Jury:*

Defendant, Manuel Labra, respectfully requests a trial by jury on all issues so trialable.

Respectfully Submitted,

*Law Office of Joseph S. Shook, Esq., PA.*

BY:_____s/s_____

Joseph S. Shook, Esq., FBN: 0780715, Attorney for Defendant

75 Valencia Ave., #4th Floor

Coral Gables FL, 33134

(305) 446-4177

Fax (305) 446-4565

shooklaw@bellsouth.net

## *Certificate of Service*

I hereby certify that on _5th __ day of September, 2017 I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record, or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

By:_____s/s_____

Joseph S. Shook, Esq.

## *Service List:*

J.H. Zidell, Esq., FBN: 0010121

Attorney for Plaintiff

300 71st Street, #605

Miami Beach FL, 33141

Tel: (305) 865-6766

Fax: (305) 865-7167